**EDWARD FEIN, Plaintiff**

**v.**

**FRANCIS PELTIER, individually, and in his official capacity, SCHULER BROWN, individually and in his official capacity, and the UNITED STATES OF AMERICA, Defendants**

Civ. No. 1996-201M

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 4, 1997

ALAN SMITH, ESQ., (Hodge & Francois), St. Thomas, U.S.V.I., *for Plaintiff*

JAMES CARROLL, ESQ., (Assistant United States Attorney), St. Thomas, U.S.V.I., and PATRICIA A. HOOKS, ESQ., (Office of the Solicitor, United States Department of the Interior), Atlanta, GA, *for Defendants*

MOORE, *Chief Judge*

### MEMORANDUM

This matter is before the court on the motion of defendant, plaintiff Edward Fein ("plaintiff" or "Fein") to reconsider this Court's order dated December 5, 1996 which granted the motion of defendants to dismiss for lack of subject matter jurisdiction. For the following reasons, defendant's motion is denied.

Motions for reconsideration are appropriate *only* when necessary "to correct manifest errors of law or fact or to present newly

197

discovered evidence." *In Re Tutu Wells*, 32 V.I. 349, 362 (D.C. V.I. 1995) (internal quotations and citations omitted.) Thus, a "motion for reconsideration is improper when it is used "to ask the court to rethink what it had already thought through — rightly or wrongly.'" *Id.* (citations omitted).

In its December 6 memorandum, the Court ruled that both the National Historical Preservation Act of 1966, 16 U.S.C. §§ 470 — 470x-6 ("NHPA"), and the Archaeological Resources Protection Act, 16 U.S.C. §§ 470aa-mm ("ARPA"), were applicable and thus this Court had no jurisdiction until plaintiff had exhausted his administrative remedies. The basis for plaintiff's motion for reconsideration of that order is mere disagreement with the Court's conclusion. While the plaintiff cites additional cases, he makes substantially the same arguments that he made at oral argument and in his previously filed briefs.

This Court finds that plaintiff's motion simply requests the Court to rethink what it has already thought through. No newly discovered facts are presented, and the new case authority cited does not represent "new" law since those cases could have been cited and discussed in defendant's original memoranda.

■■ The Court notes that there appears to be a general trend among members of the local bar to submit motions for reconsideration without serious regard to the purpose such motions are designed to serve. If the trend continues, the Court will be forced to take stronger actions than merely denying such meritless motions. To reiterate and emphasize, motions for reconsideration are only proper when there has been newly discovered evidence or to correct "manifest errors of law or fact." Motions for reconsideration should not be used as a vehicle for rehashing and expanding upon arguments previously presented or merely as an opportunity for getting in one last shot at an issue that has been decided.

ENTERED this 4th day of March 1997.

**ORDER**

For the reasons set forth in the accompanying memorandum, it is hereby

ORDERED that plaintiff's motion to reconsider this Court's order dated December 5, 1996 is DENIED.

ENTERED this 4th day of March, 1997.