**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**WILLIAM G. CLARK (d.o.b.) 01-08-74, Defendant**

Criminal No. ST-09-CR-020

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

December 23, 2010

154

CLAUDE WALKER, ESQ., DOUGLAS SPROTTE, ESQ., Assistant Attorney Generals, St. Thomas, USVI, *Attorneys for the Plaintiff.*

KERRY DRUE, ESQ., RUDOLPH ACREE, ESQ., MARK SCHAMEL, ESQ., St. Thomas, USVI, *Attorneys for the Defendant.*

ROSS, *Judge*

## MEMORANDUM OPINION

(December 22, 2010)

On November 10, 2010, the People submitted its motion for reconsideration of the Court's November 5, 2010 Order granting Defendant's motion for judgment of acquittal under FED. R. CRIM. P. 29. In its motion, the People allege, *inter alia*, that the Court's November 5, 2010 Order is contrary to law and "testimony of witnesses at trial proves that Marcus Sukow is dead." Counsels for the Defendant submitted their Opposition on November 23, 2010. Having reviewed the parties' submissions and reconsidered its November 5, 2010 ruling, the Court finds that there are no grounds to depart from its November 5, 2010 Order acquitting Defendant in the above styled matter. For the reasons that follow, the Court will not vacate or otherwise disturb its November 5, 2010 Order.

Motions to reconsider are governed by Local Rule 7.3 and the granting of such a motion is "an extraordinary remedy and should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (*citing Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000). *citing* 11 Charles A. Wright. Arthur R. Miller and Mary K. Kane. Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)). (*See also U.S.* v. *Petersen*, 2009 U.S. Dist. LEXIS 28228 (D.V.I. 2009)). The purpose of motions to reconsider is to allow a court to correct its own errors, sparing parties and appellate courts the burden of unnecessary proceedings. *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). (See *also United States v. Dieter*, 429 U.S. 6, 8, 97 S. Ct. 18, 50 L. Ed. 2d 8 (1976)).

The party moving for reconsideration has a heavy burden to establish an error sufficiently serious to merit amendment. *Petersen*, 2009 U.S. Dist. LEXIS 28228, at *4. The moving party must demonstrate that the court failed to consider controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, might reasonably have led to a different result. *Ansoumana v. Gristede's Operating Corp.*, 255 F. Supp. 2d 197, 198 (S.D.N.Y. 2003).

(*See also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that standards for granting motions for reconsideration are strict and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that court overlooked, which might reasonably be expected to alter conclusion reached by court.))

■ Motions for reconsiderations cannot be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT & T.* 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D. V.I. 2004). (*See also Fein v. Peltier*, 36 V.I. 197, 198 (D.V.I. 1997)) (stating that "motions for reconsideration should not be used as a vehicle for rehashing and expanding upon arguments previously presented or merely as an opportunity for getting in one last shot at an issue that has been decided."); *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (motions for reconsideration "are aimed at reconsideration not initial consideration.")).

■ Unlike motions for reconsideration, motions for judgment of acquittal are governed by FED. R. CRIM. P. 29 and subjected to a different standard or review. In determining a motion for judgment of acquittal for insufficiency of the evidence under Rule 29, a court "must view the evidence in the light most favorable to the verdict, and must presume that the jury has properly carried out its functions of evaluating credibility of witnesses, finding the facts, and drawing justifiable inferences:" *U.S. v. Bazar*, 2002 U.S. Dist. LEXIS 19719, *5 (D.V.I. 2002). The Court must determine "whether all the pieces of evidence against the defendant, taken together, make a strong enough case to let the jury find him guilty beyond a reasonable doubt." *United States* v. *Allard*, 240 F.2d 840, 841 (3d Cir. 1957). *cert. denied*, 353 U.S. 939, 77 S. Ct. 814, 1 L. Ed. 2d 761 (1957). *A trial court has the duty to grant a judgment of acquittal when the evidence is so scant that the jury could only speculate as to the defendant's guilt. (See* 2 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 2D § 467 at 660-61 & n. 23 (West 1982)). *To foreclose a grant of acquitttal, the Government must prove every element of the offense beyond a reasonable doubt. United States v. Samuels*, 741 F.2d 570, 573 (3d Cir. 1984).

■ Driven by misguided beliefs that acquittal is not warranted in this matter, the People beseech this Court to reconsider its November 5, 2010 Order. Notwithstanding counsel for the People's suppositions. Defendant

157

*is* entitled to an acquittal. In *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970)) the Supreme Court of the United States made it clear that Due Process requires the prosecution in a criminal case to prove beyond a reasonable doubt every fact necessary to establish the offense as charged against an accused. (*See also United States v. Haywood*, 363 F.3d 200, 206-07, 45 V.I. 800 (3d Cir. 2004)). Given *In re Winship* and its progeny, the omission of an essential element of a charged offense ordinarily constitutes plain error and warrants acquittal on the offense. *United States v. Xavier*, 2 F.3d 1281, 1287, 29 V.I. 279 (3d Cir. 1993) (*See also Haywood*, 363 F.3d at 207)).

As recited in the Court's November 5, 2010 Memorandum Opinion, the People, as part of its burden of proof, was required to present competent evidence from which a jury could find that the Defendant killed Marcus Sukow, a human being. The People, however, did not prove this essential element in its case-in-chief by direct or circumstantial evidence and therefore failed to prove every element of the offense(s) in the Amended Information beyond a reasonable doubt. After the People rested its case-in-chief and arguments were heard on the defense's Rule 29 motion for judgment of acquittal, the Court informed counsel for the People that it was troubled by the People's failure to prove that Marcus Sukow died. Specifically, the Court indicated that it was inclined to dismiss Counts I through IV of the Amended Information because the prosecution did not present competent evidence that the corpse upon which Medical Examiner Francisco J. Landron performed an autopsy was that of Marcus Sukow. The Court also stated that the absence of competent evidence identifying the corpse as Marcus Sukow preclude Dr. Landron's testimony, as well as the testimony of other witnesses regarding the identification of said corpse, as inadmissible hearsay.

██ Having heard the Court's inclination(s), counsel for the People neither moved to re-open its case[1] nor presented competent evidence identifying the corpse as Marcus Sukow. The Court then granted a

---

[1] The decision to re-open a case is traditionally within the discretion of a court. *U.S. v. Ali*, 2007 U.S. App. LEXIS 25024, *8 (3d Cir. 2007). The court must consider the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion. *Id.* (*See also United States v. Kithcart*, 218 F.3d 213, 219-20 (3d Cir. 2000) (quoting *United States v. Blankenship*, 775 F.2d 735, 740 (6th Cir. 1985))). The party moving to reopen should provide a reasonable explanation for its failure to present the evidence in its case-in-chief. *Ali*, 2007 U.S. App. LEXIS 25024, at *8.

forty-five (45) minute recess, during which, counsel for the People was directed to submit evidence, if any, that Marcus Sukow died. Notwithstanding the Court's accommodation(s),[2] the People did not submit evidence or point out to the Court testimony or circumstances in the evidence that established that the body autopsied by Dr. Landron was Marcus Sukow and, consequently, failed to establish that the Defendant "killed a human being" as charged in the Amended Information. Simply put, *the People failed to prove an essential element of the charged offense(s) despite the existence and availability of competent evidence.* Counsel for the People now seeks to register disagreement with the Court's initial ruling and reargue matters already addressed by the Court. This is impermissible under *Bostic, supra,* and therefore the Court declines the prosecution's invitation for rejoinder at this juncture.

In a final attempt to have the Court vacate its November 5, 2010 Order, counsel for the People argues that the Court "may order a new trial without violating the Defendant's double-jeopardy rights." Again the prosecution's reasoning is flawed. Because the double jeopardy clause applies in the Virgin Islands, when reversal of a judgment of acquittal would necessitate a second trial, the double jeopardy clause is violated. (*See* 48 U.S.C. § 1561 (1976)); *Government of the Virgin Islands v. Josiah,* 641 F.2d 1103 (3d Cir. 1981); *Government of the V.I. v. Christiensen,* 673 F.2d 713, 717 (3d Cir. 1982)). Significantly, "*[t]he constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal." for the "public interest in the finality of criminal judgments is so strong that an acquitted defendant may not be retried even though 'the acquittal was based upon an egregiously erroneous foundation.' (Citation omitted.) If the innocence of the accused has been confirmed by a final judgment, the Constitution conclusively presumes that a second trial would be unfair."* United States v. *DiFrancesco,* 449 U.S. 117, 129, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980) (quoting *Arizona v. Washington,* 434 U.S. 497, 503, 98 S. Ct. 824, 829, 54 L. Ed. 2d 717 (1978)). Accordingly, *a judgment of acquittal on the merits, as was entered in the case sub judice, bars further prosecution.*

---

[2] Although the Court initially precluded Garfield Bloodman, Esq. from assisting the People during trial for lack of a timely filed notice of appearance, the Court, during arguments on Defendant's Rule 29 motion, allowed Attorney Bloodman to assist counsel for the People and argue on behalf of the prosecution.

In view of the foregoing and after much reconsideration, this Court will not disturb its ruling granting the Defendant's Motion for Judgment of Acquittal under FED. R. CRIM. P. 29. Accordingly, this Court's November 5, 2010 Order will be **AFFIRMED**.