UNITED STATES *v.* DIETER

No. 75–1547.   Decided October 12, 1976

PER CURIAM.

The respondent was indicted in early 1973 for violating 21 U. S. C. § 841 (a) after a search at a permanent immigration traffic checkpoint in New Mexico of a vehicle in which he was a passenger had turned up a substantial quantity of marihuana.   His motion to suppress the marihuana was initially denied by the District Court.   Thereafter, this Court ruled in *Almeida-Sanchez* v. *United States,* 413 U. S. 266 (1973), that a warrantless roving patrol search of a vehicle, conducted without probable cause on a road removed from the border, violated the Fourth Amendment.   The Court of Appeals for the Tenth Circuit subsequently ruled in *United States* v. *King,* 485 F. 2d 353 (1973), and *United States* v. *Maddox,* 485 F. 2d 361 (1973), that *Almeida-Sanchez* should be applied retroactively.[1]   The District Court then reconsidered the

_____

[1] That view was later repudiated by this Court in *United States* v. *Peltier,* 422 U. S. 531 (1975).

respondent's motion to suppress, and on October 4, 1974, dismissed the indictment.

On October 16, 1974, the Government filed a "Motion to Set Aside [the] Order of Dismissal" on the ground that the facts in this case were materially different from those in *Almeida-Sanchez* and that "the Order dismissing the case was entered through inadvertence." On November 6, 1974, the District Court denied the motion on the ground that it had "no authority or jurisdiction" to set aside the order. On November 7, 1974, the Government filed a notice of appeal.

The Court of Appeals dismissed the appeal, holding that it was untimely because the notice of appeal had not been filed until 34 days after entry of the October 4 order and hence fell outside the 30-day limitation period for a Government appeal from an order dismissing an indictment.[2] The appellate court held that the October 4 order was final for purposes of appeal, notwithstanding the Government's October 16 motion to set aside that order. In denying the Government's petition for rehearing and suggestion for rehearing en banc, the court recognized that in *United States* v. *Healy*, 376 U. S. 75 (1964), decided at a time when a Government appeal from an order dismissing an indictment was taken directly to this Court rather than to a court of appeals, we held that the 30-day limitation period runs from the denial of a timely

---

[2] Title 18 U. S. C. § 3731 provides in pertinent part that "[i]n a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts," and that "[t]he appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered . . . ." Federal Rule App. Proc. 4 (b) provides in pertinent part:

"When an appeal by the government is authorized by statute, the notice of appeal shall be filed in the district court within 30 days after the entry of the judgment or order appealed from. A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket."

petition in the District Court for rehearing, rather than from the date of the order itself. The Court of Appeals reasoned, however, that *Healy* did not control because the post-dismissal motion there involved "was directed squarely at an alleged error of law committed by the trial court," whereas in this case the Government's motion "to set aside on the grounds of mistake or inadvertence was an entirely different species of pleading . . . ." App. to Pet. for Cert. 4A.

The Court of Appeals misconceived the basis of our decision in *Healy*. We noted there that the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal for as long as the petition is pending. 376 U. S., at 78–79.[3] To have held otherwise might have prolonged litigation and unnecessarily burdened this Court, since plenary consideration of an issue by an appellate court ordinarily requires more time than is required for disposition by a trial court of a petition for rehearing. *Id.,* at 80. The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors, and we must likewise be wary of imposing added and unnecessary burdens on the courts of appeals. These considerations fully apply whether the issue presented on appeal is termed one of fact or of law, and the Court of Appeals' law/fact distinction—assuming such a distinction can be clearly drawn for these purposes—finds no support in *Healy*. It is true that the Government's post-dismissal motion was not captioned a "petition for rehearing," but there can be no doubt that in purpose and effect it was precisely that, asking the District

---

[3] The Court of Appeals' concern with the lack of a statute or rule expressly authorizing treatment .of a post-dismissal motion as suspending the limitation period ignores our having grounded our decision in *Healy*, not on any express authorization (which was similarly lacking in *Healy*), but rather on "traditional and virtually unquestioned practice." 376 U. S., at 79.

Court to "reconsider [a] question decided in the case" in order to effect an "alteration of the rights adjudicated." *Department of Banking* v. *Pink,* 317 U. S. 264, 266 (1942).

The motion of respondent for leave to proceed *in forma pauperis* and the petition for certiorari are granted, the judgment of the Court of Appeals is vacated, and the case is remanded to that court for further proceedings.

*It is so ordered.*