Michaud v. Delkner, et al.          CV-99-428-JD  03/08/00

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

David Michaud

    v.                                              Civil No. 99-428-JD
                                                      Opinion No. 2000 DNH 059
N. William Delkner, et al.

David Michaud

    v.                                              Civil No. 00-035-M

Wayne Perreault, et al.

David Michaud

    v.                                              Civil No. 00-047-M

Tina Nadeau, et al.

**REPORT AND RECOMMENDATION**

Before the court for preliminary review are the most recent complaints filed by pro se plaintiff David Michaud, see 28 U.S.C. § 1915A(a); U.S. District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2), challenging various aspects of events following the June 1996 breakdown of his marriage and fire of his home, which caused him several legal problems, including a conviction for arson for which he is currently incarcerated at the New Hampshire State Prison. The three actions are being

considered together, because of the repetition of the claims asserted and defendants named therein.  As explained more fully below, I recommend that these three actions be dismissed.

<u>Discussion</u>

**1.  Review of the Complaints.**

At this preliminary stage of review, I am required to construe the pleadings liberally in favor of Michaud and to accept all the allegations asserted therein as true.  See <u>Ayala Serrano v. Lebron Gonzales</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) to construe <u>pro</u> <u>se</u> pleadings liberally in favor of that party); <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review).  With this standard in mind, Michaud's story is summarized briefly based on allegations in both the current and previous complaints.

In the spring of 1996, Michaud was having marital problems with his wife, Linda Michaud, which escalated to the point of involving the police.  In June 1996, their home on Jackson Street in Rochester, N.H., burned down.  Although a court order allegedly was issued to "preserve the evidence" of the fire (presumably to determine its cause), Linda Michaud obtained

2

permission to clear the debris and build a new home from various Rochester and Strafford County officials. David Michaud was convicted of arson and currently is serving his sentence. He contends a myriad of public officials, from Rochester police and fire department members to Strafford County district attorneys, New Hampshire assistant attorneys general, and Superior Court judges conspired, to lesser and greater degrees, in framing him for the fire and violating his rights to due process of law in proceedings regarding his marriage and the fire.

Similar allegations based on this same story were asserted in various permutations in four actions filed last year: (1) Michaud v. Giguere, et al., Civ. No. 99-156-B ("Giguere"), (2) Michaud v. McQuade, et al., Civ. No. 99-186-JD ("McQuade"), (3) Michaud v. Prison, Warden, et al., Civ. No. 99-210-JD ("Warden"), and (4) Michaud v. Rochester, et al., Civ. No. 99-290-B ("Rochester"). Three of those cases were 42 U.S.C. § 1983 complaints, the fourth was a petition for a writ of habeas corpus. Two of the § 1983 actions, Giguere and Rochester, and the habeas petition, Warden, were closed because Michaud had failed to state a claim upon which relief could be granted or had not exhausted his state remedies. Initially, the remaining case,

3

McQuade, Civ. No. 99-186-JD, also was recommended for dismissal based on the Heck v. Humphrey, 512 U.S. 477 (1994) bar to § 1983 litigation; however, Michaud objected and filed documents reflecting that the charges underlying his § 1983 action had been *nolle prossed* in September 1996. With that fact before the court, the action was allowed to proceed.

Now Michaud brings three more civil rights actions involving many of the same complaints. In Michaud v. Delkner, et al., Civ. No. 99-428-JD ("Delkner"), and in Michaud v. Nadeau, et al, Civ. No. 00-47-M ("Nadeau"), Michaud asserts claims under 18 U.S.C. §§ 241, 242, 1951, 1961 and 1962.[1] The Delkner action deals specifically with the June 1996 fire, the violation of the court's order to "preserve evidence," and the conspiracy to cover-up the various abuses of process which resulted in his conviction. It names members of the New Hampshire Attorney General's Office, the Strafford County Attorney's Office, Strafford County Superior Court Judge Tina Nadeau, and two

_____

[1]Michaud also claims violations of the "Hobbs Act" and "Obstruction of Justice Act," in Nadeau, No. 00-47-M. The "Hobbs Act" is presumably the "Hobbs Anti-Racketeering Act," codified at 18 U.S.C. § 1951. There is no "Obstruction of Justice Act."

4

members of the Rochester Police Department.[2]  The <u>Nadeau</u> action focuses on how Michaud's personal mail and funds were mishandled by Strafford County House of Corrections ("HOC") officials, allegedly at the direction of several prosecutorial and judicial officials.  He contends defendants conspired to give his property to his ex-wife and to use it for "unlawful court debts," as part of their "racketeering operation."  He also asserts mail to his family was tampered with, which constituted "mail fraud" in furtherance of a "scheme to fraud."  This action is brought against 28 defendants, most of whom have been sued by Michaud in one of the six other actions he has filed to date.

Both cases founder, however, because they are based on criminal statutes which do not provide for private rights of action.  <u>See</u> 18 U.S.C. §§ 241, 242, 1951, 1961 and 1962.  Crimes make unlawful certain conduct which the legislative branch of the government has determined offend society or threaten the public's safety.  As such, the rights of the public, not private individuals, are protected by criminal statutes and are enforced

---

[2]Michaud filed a "Supplemental Complaint" on November 3, 1999, to add several more defendants.  As explained in this Report and Recommendation, I find the complaint fails to state a claim upon which relief may be granted and, therefore, conclude that it would be futile to allow Michaud to amend his complaint.

by the government through its criminal laws.  See e.g. Wayte v. United States, 470 U.S. 598, 607 (1985) ("In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." (citation omitted)); City of Chicago v. Morales, 527 U.S. 41, __, 119 S. Ct. 1849, 1877 (1999) ("Police officers (and prosecutors) have broad discretion over what laws to enforce and when.").  Thus, Michaud simply does not have standing to enforce these criminal statutes.[3]

_____

[3]Despite carefully considering the allegations in the complaint, I cannot find any basis for an actionable claim under any one of the three statutes cited.  The civil rights statutes, 18 U.S.C. §§ 241 and 242, are the criminal counterparts to 42 U.S.C. §§ 1983 and 1985 and cannot be enforced by an individual.  See also U.S. v. Lanier, 520 U.S. 259, 264-68 (1997) (discussing the range of criminal liability covered by 18 U.S.C. §§ 241 and 242, as distinct from the civil liability arising under 42 U.S.C. §§ 1983 and 1985); United States v. Walsh, 27 F. Supp. 2d 186, 191 (W.D.N.Y. 1998) (explaining § 242 is the criminal counterpart to § 1983); Golden v. U.S. Marshals Service, 1995 WL 705134, *2 (N.D. Ca. Nov. 15, 1995) (holding that §§ 241 and 242 provide no private right of action and cannot be the basis for a civil suit).  Likewise, the Hobbs Act, 18 U.S.C. § 1951, provides no basis for private relief, and Michaud's strained efforts to state a claim under it by referring, in Nadeau, to defendants' efforts to use his funds to "obtain federal monies for falsifying document which would directly and indirectly engage commerce," simply cannot be even very generously construed as giving rise to a claim actionable by him.  Finally, although the Racketeering Influenced Corrupt Organizations Act ("RICO") provides a private right of action, see 18 U.S.C. § 1964(c), Michaud has failed to allege facts which support a RICO claim.  Michaud has failed to demonstrate, or even to allege facts from which an inference could reasonably be drawn, that an overt act in furtherance of a "pattern of racketeering activity" occurred and that defendants

The actions should be dismissed for other reasons as well. The _Delkner_ action also fails because its claims have already been presented in either state court or this court previously and are, therefore, barred by the doctrines of _Rooker/Feldman_, _see_ _Hill v. Conway_, 193 F.3d 33, 34 and n.1, 41 (1st Cir. 1999) (explaining how federal district courts do not have jurisdiction to review state court decisions), and _res judicata_. _See Apparel Art Intern. v. Amertex Enterprises_, 48 F.3d 576, 582-83 (1st Cir. 1995) (stating _res judicata_ bars a subsequent suit regarding sufficiently identical claims that went to final judgment in a previous action). Additionally, those claims in _Delkner_ which seek to have his conviction held unconstitutional are also barred by _Heck v. Humphrey_, _supra_. The _Nadeau_ complaint reflects confused, delusional thoughts and reasonably could be dismissed as frivolous. _See_ 28 U.S.C. § 1915A(b)(1).[4]

Finally, Michaud seeks an order from this court requiring

_____

participated in the requisite "enterprise" needed for a RICO violation. _See_ 18 U.S.C. § 1962. At best, his interception of mail and loss of property claims might be actionable under state tort law or § 1983, but they fall far short of showing some form of RICO violation.

[4]In fact, both actions appear simply to be facile attempts to obtain relief under criminal statutes from defendants against whom Michaud's § 1983 claims failed in the actions filed previously. As such they are frivolous.

7

the U.S. Attorney's Office to respond to Michaud's complaints against defendants.  This court, however, cannot grant that relief, because it does not have the power to order the U.S. Attorney's office to investigate or prosecute anyone, which decision lies within the discretion of the prosecutor.  See Wayte, 470 U.S. at 607-08 (discussing factors which indicate how "the decision to prosecute is particularly ill-suited to judicial review"); Bordenkircher v. Hayes, 434 U.S. 357, 365 (1978) ("In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.").  Accordingly, both actions fail to state any claim upon which relief may be granted, I recommend that Delkner and Nadeau be dismissed.

Finally, in Michaud v. Perreault, et al., Civ. No. 00-35-M ("Perreault,"), Michaud sues Rochester police officers Wayne Perreault and Michael McQuade and the City of Rochester under § 1983 for conduct which occurred in the summer of 1996.  These claims also fail, because conduct which occurred in 1996 was actionable under 42 U.S.C. § 1983 only until 1999, and Michaud

8

did not bring this action until January 21, 2000.  See Owens v. Okure, 488 U.S. 235, 236 (1989) (holding that the statute of limitations for § 1983 actions is the general personal injury statute of limitations under state law where the alleged § 1983 violation occurred); see also N.H. Rev. Stat. Ann. 508:4 (1997) (providing a three year statute of limitations for personal injury actions under New Hampshire law).  Accordingly, I conclude that he has not stated a claim upon which relief could be granted and recommend that Perreault, also be dismissed.[5]

## 2.  The Multiplicity of Suits.

As discussed above, Michaud has brought seven actions within the last year in this court addressing injuries which generally arose out of the same set of operative facts in 1996.  The

---

[5]The defendants named in Perreault are the exact same three defendants named in the one action still pending from last year, McQuade, No. 99-186-JD.  The allegations appear to be very similar too, as they both challenge how Perreault and McQuade treated Michaud in the summer of 1996 which led to his alleged false arrest and malicious prosecution.  Although Michaud makes a new claim here based on an unlawful search of his residence in violation of the Fourth Amendment, because it involves the same parties and arises out of the same alleged abuse of power, the proper litigation course for Michaud to pursue would appear to be to amend his complaint in McQuade to add any new claims or additional facts in support of the claims asserted there.

9

dismissal of <u>Giguere</u>, No. 99-156-B, and <u>Rochester</u>, No. 99-290-B, counted as strikes against Michaud under 28 U.S.C. § 1915(g). If the dismissals recommended here are accepted, Michaud would have three additional strikes against him. <u>See</u> 28 U.S.C. § 1915(g).

The frequency with which Michaud is reasserting similar allegations under various theories of liability in what appears to be persistent attempts to prevail against defendants raises the concern that he may be abusing his right to access the courts. "Federal courts plainly possess discretionary powers to regulate the conduct of abusive litigants." <u>Cok v. Family Court of R.I.</u>, 985 F.2d 32, 34 (1st Cir. 1993) (per curiam); <u>see also</u> 28 U.S.C. A. § 1651(a) (West 1994) (authorizing courts to issue any writ necessary or appropriate "in aid of their respective jurisdictions and agreeable to the usages and principles of law."). To that end, narrowly tailored injunctions restricting the access of an abusive litigant to the court may be justified. <u>See</u> <u>Cok</u>, 985 F.2d at 35 (discussing factors relevant to the scope of any injunction ordered).

While I do not believe an injunction against Michaud is warranted at this juncture, he clearly has had ample opportunity to present his grievances to this court and also has received

10

extensive consideration of his claims. Future suits regarding the same subject matter (i.e., his problems with the city of Rochester, its officials, and various county and state officials involved with his state proceedings, stemming from the break-up of his marriage and the burning of his home in 1996) would appear to be vexatious and could justify the imposition of an injunction to avoid such repetitive, baseless litigation.

## Conclusion

For the reasons set forth above, I conclude that Michaud has failed to state claims upon which relief may be granted in Delkner, No. 99-428-JD, Perreault, No. 00-35-M, and Nadeau, No. 00-47-M, and recommend that these actions be dismissed. See 28 U.S.C. § 1915A(b)(1); LR 4.3(d)(2)(i). If approved, the dismissals will count as strikes against Michaud under 28 U.S.C. § 1915(g).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of

11

<u>Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992);

<u>United States v. Valecia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).


                                            _____
                                            James R. Muirhead
                                            United States Magistrate Judge

Date:   March 8, 2000

cc:     David Michaud, pro se

12