Dodge v. City of Concord, et al.     CV-00-107-M   10/31/00

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

Raven Dodge

    v.                                         Civil No.  00-107-M
                                                Opinion No. 2000 DNH 243
City of Concord, New Hampshire, et al.

**REPORT AND RECOMMENDATION**

Before the Court is pro se and in forma pauperis plaintiff Raven Dodge, who has filed suit against the City of Concord, New Hampshire, and Concord Police Officers Roger Baker, Eric Phelps, and Kevin Partington. Dodge seeks redress under 42 U.S.C. § 1983 for alleged violations of his constitutional rights stemming from the actions of the named police officers during and after his arrest on March 16, 1996. The complaint is before me for preliminary review. See 28 U.S.C. § 1915A (authorizing review of prisoner's complaints to determine whether they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief); Local Rules of the United States District Court for the District of New Hampshire ("LR") 4.3(d)(2). For the reasons stated below, I recommend dismissal of this action.

## Background

On March 16, 1996, at approximately 3:00 a.m., Raven Dodge was stopped and arrested in Eagle Square in Concord, New Hampshire by the named defendants, Concord Police Officers, for loitering in violation of New Hampshire Revised Statutes Annotated ("RSA") 644:6. Dodge was searched both at the scene and again at the police station and items in his possession were seized. Prior to his arrest, which he alleges was made in the absence of probable cause, Dodge states he was not given any opportunity to dispel the officers' suspicions regarding his presence at Eagle Square at 3:00 a.m[1].

Dodge contends that the actions of the officers in seizing and searching his person and property on pretextual grounds and without probable cause, falsely imprisoning him and maliciously prosecuting him, amounted to deprivations of his right under the Fourth Amendment to be protected from unreasonable searches and

---

[1] In the present suit, Dodge does not allege any further significant details of the events of March 16, 1996. However, an action previously filed in this Court by Dodge describes details of this incident which are not relevant here. See Dodge v. City of Concord, et al., 99-217-B.

seizures of his person and property, as well as his Fourteenth Amendment right not to be deprived of liberty or property without due process of law.

Discussion

1. Standard of Review

In reviewing a pro se complaint, this Court is obliged to construe the pleading liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of that party). At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Director of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988). Dismissal of pro se, in forma pauperis complaints is appropriate if they

are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. <u>See</u> Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)(B)(i), (ii) & (iii)(effective April 26, 1996).

    2. <u>Res Judicata</u>

        a.   <u>Procedural History</u>

On December 15, 1999, this Court issued a Report and Recommendation recommending dismissal on the merits in the case of <u>Raven Dodge v. City of Concord, et al.,</u> 99-217-B[2]. In that action, Dodge brought suit against the City of Concord, as well as Officers Baker, Phelps, and Partington, alleging his rights were violated by his arrest on March 16, 1996. This court, after thoroughly reviewing Dodge's complaint, determined that Dodge had failed to state a claim upon which relief could be granted and recommended dismissal of the complaint in its entirety pursuant to 28 U.S.C. § 1915A(b)(1) and LR 4.3(d)(2)(A)(i). Dodge

---

[2]The December 15, 1999 Report and Recommendation is attached.

objected to the Report and Recommendation.  After considering Dodge's objection, Chief Judge Barbadoro approved the Report and Recommendation and dismissed the action on January 5, 2000[3].

The instant complaint was filed on March 10, 2000.  This complaint names the same defendants and alleges similar constitutional violations arising out of the same cause of action as the previous case.  Because under the doctrine of <u>res judicata</u> a matter that has been finally resolved on its merits by a court of competent jurisdiction cannot be relitigated, I must determine whether or not this action is barred by <u>res judicata</u> before undertaking any review of this matter on the merits.

b.    <u>Application of the Doctrine of Res Judicata</u>

The doctrine of <u>res judicata</u>  -- meaning, literally, 'the thing has been decided' -- precludes the relitigation of claims that were raised or could have been raised in a prior case if three elements are satisfied: "(1) a final judgement on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and

---

[3]The January 5, 2000 Order is attached.

5

(3) sufficient identicality between the parties in the two suits." <u>Gonzalez v. Banco Central Corp.</u>, 27 F.3d 751, 755 (1st Cir. 1994); <u>Porn v. National Grange Mutual Insurance Company</u>, 93 F.3d 31, 34 (1st Cir. 1996). In the instant case, there is no question that the parties to the two suits are identical. Therefore, I turn my consideration to the other two elements.

A judgment includes "any order from which an appeal lies." Fed.R.Civ.P. 54(a). After the issuance of the January 5, 2000 Order in this case, Dodge was entitled to appeal to the First Circuit Court of Appeals. The January 5, 2000 Order, therefore, constituted a judgment dismissing the action in its entirety. As it was based on the Magistrate Judge's Report and Recommendation on the merits of the complaint, I find the January 5, 2000 Order was a final judgment on the merits in the previous action.

As to the third element, a cause of action is defined as "a set of facts which can be characterized as a single transaction or series of related transactions." <u>Apparel Art Int'l, Inc. v. Amertex Enters., Ltd.</u>, 48 F.3d 576, 583 (1st Cir. 1995). Simply put, this examination amounts to whether or not the causes of

6

action alleged arise out of a common set of operative facts. Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998).  Here, the factual underpinnings of the two suits are exactly the same.  Therefore, they arise out of identical causes of action.  Dodge's assertion of additional legal theories in the instant action does not change this analysis, as "a single transaction may give rise to a multiplicity of claims . . . and the mere fact that different legal theories are presented in each case does not mean that the same transaction is not behind each." Porn, 93 F.3d at 34 (quoting Manego v. Orleans Bd. of Trade, 773 F.2d 1, 5 (1st Cir. 1985), cert. denied, 475 U.S. 1084 (1986)).  Further, there is no reason why the additional claims presented in this complaint (malicious prosecution and false imprisonment) could not have been raised in the earlier action.  Res judicata precludes claims that "were or could have been raised" in the earlier action.  Bay State HMO Management, Inc. v. Tingley Systems, Inc., 181 F.3d 174, 177 (1st Cir. 1999)(emphasis added).

Because all three of the elements of res judicata are

7

satisfied, I find that the doctrine applies here and precludes relitigation of this claim.  Because Dodge has failed to state a claim upon which relief can be granted, I recommend dismissal of the action in its entirety.

3.    Statute of Limitations

Congress did not provide a statute of limitations for § 1983 actions, so federal courts must borrow the personal injury limitations period and tolling provisions of the forum state. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985); Benitez-Pons v. Puerto Rico, 136 F.3d 54, 59 (1st Cir. 1998)("The tolling of the state of limitations is . . . governed by state law.").  In New Hampshire, all personal actions, other than slander and libel, are governed by RSA 508:4 I, which provides a three-year limitations period.  See RSA 508:4 I (Supp. 1997).

Dodge filed this complaint on March 10, 2000.  The actions of which he complains occurred on March 16, 1996 and clearly fall outside the three year limitations period.  As Dodge provides no argument to support the tolling of the applicable limitations period, I find that the claims are time-barred and would

8

recommend dismissal of this action on this basis even if it were not barred on grounds of <u>res judicata</u>.

<u>Conclusion</u>

For the above-mentioned reasons, I recommend dismissal of this action in its entirety as Dodge has failed to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A(b)(1); LR 4.3(d)(2)(A)(i). If approved, the dismissal will count as a strike against the plaintiff under 28 U.S.C. § 1915(g).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:      October 31, 2000

cc:        Raven Dodge, <u>pro</u> <u>se</u>

9