Rockwell v. Roman Cath. Archdiocese    CV-02-239-M    08/05/02   P

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Susan S. Rockwell, Esq.

   v.                                         Civil No. 02-239-M
                                                Opinion No. 2002 DNH 151
Roman Catholic Archdiocese of
Boston, Massachusetts, et al.

---

### REPORT AND RECOMMENDATION


Before the court is the complaint of pro se plaintiff Susan

Rockwell.  Rockwell has filed suit against the Roman Catholic

Archdiocese of Boston, Massachusetts, the Roman Catholic Diocese

of Manchester, New Hampshire ("Diocese"), the United States

Conference of Catholic Bishops ("Conference"), (collectively, the

"church defendants"), and Charles O. Rossotti, Commissioner of

the Internal Revenue Service of the United States.  Rockwell

complains that the defendants have violated, inter alia, Title

VII, 42 U.S.C. § 2002e, the First and Fourteenth Amendments to

the United States Constitution, and the Internal Revenue Code, as

well as New Hampshire state law and the New Hampshire

Constitution.  Because the plaintiff is pro se and has paid her

filing fee, the complaint is before me for preliminary review to

determine whether this Court's subject matter jurisdiction has

been invoked.  See United States District Court for the District of New Hampshire Local Rules ("LR") 4.3(d)(1)(A).  For the reasons discussed herein, I recommend that all of the claims except the Title VII claim and companion state law claim against the church defendants, be dismissed for lack of subject matter jurisdiction.[1]

## Standard of Review

In reviewing a pro se complaint, the court is obliged to construe the pleading liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party).  At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se

---

[1]In an Order issued simultaneously with this Report and Recommendation, I order the Title VII claim and corresponding state law claim served on the church defendants.

2

pleadings are given fair and meaningful consideration. <u>See</u> <u>Eveland v. Dir. of C.I.A.</u>, 843 F.2d 46, 49 (1st Cir. 1988).

<u>Background</u>

Susan Rockwell is a fifty-five year old Catholic woman. She is also a New Hampshire resident and a Vermont attorney. Since 1975, Rockwell has believed that she was "called" to be a Roman Catholic priest. Rockwell sought to act on this calling despite the fact that she is aware that by the dictates of tradition and church doctrine, women cannot currently become Roman Catholic priests.

On February 29, 1996, Rockwell wrote to Rev. Leo O'Neill at the Diocese to apply for admission to study for the priesthood. On March 11, 1996, Rev. O'Neill wrote back to Rockwell, rejecting her application because she is a woman and the Catholic Church ("Church") only permits men to be priests. On May 28, 1998, Pope John Paul II issued an edict threatening ex-communication from the church by those who reject definitive positions of the Church, including the Church's position that only men may become priests. During 1998, Rockwell was specifically advised by a priest representing the Diocese that her vocal opposition to the all-male priesthood was objectionable as it violated the Pope's

restriction of discussion on the subject.  In January of 2000, Rockwell wrote to the Pope advocating the ordination of women as priests in the Catholic Church.  Rockwell sent copies of her letter to the Diocese and the Conference.  She has received no replies to her letter.

Rockwell alleges that the Church's silencing of her advocacy for the ordination of women as priests violates her First Amendment rights to free speech and to the free exercise of her religion as well as rights guaranteed to her by the New Hampshire Constitution.  She alleges that the Church's policy excluding women from the priesthood discriminates against her on the basis of gender in violation of state and federal law.  Further, Rockwell alleges that the tax exempt status granted to the Catholic Church by Rossotti, the Commissioner of the Internal Revenue Service violates the Internal Revenue Code because of the Church's discriminatory practices.

Discussion

1.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The presumption is that a federal court lacks jurisdiction.  Id.

Consequently, the burden is on the plaintiff who claims jurisdiction to affirmatively allege jurisdiction and prove it. Id.; see also Bender v. Williamsport Sch. Dist., 475 U.S. 534, 541 (1986). To bring a civil action within the court's subect matter jurisdiction, the plaintiff must allege that her action either involves a federal question, or involves citizens form different states and an amount in contoversy in excess of $75,000. See 28 U.S.C. §§ 1331 & 1332. If it appears that the court lacks subject matter jurisdiction, the court is required to dismiss the action. Fed. R. Civ. P. 12(h)(3).

2. Gender Discrimination Claim

Rockwell's complaint that she was denied access to study, and ultimately employment, as a priest asserts a claim based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (1994). As a general rule "religious controversies are not the proper subject of civil court inquiry." Serbian E. Orthodox Diocese v. Milivojevich, 426 U.S. 696, 714 (1976); see also Natal v. Christian and Missionary Alliance, 878 F.2d 1575, 1576 (1st Cir. 1989) ("Civil courts cannot adjudicate disputes turning on church policy and administration or on religious doctrine and practice."). This Court, however, does not necessarily lack

5

jurisdiction over a case against the hierarchy of a church. Certain suits against churches that do not involve judicial interpretation of religious doctrine may be properly brought in this Court. See Smith v. O'Connell, 986 F.Supp. 73, 77 (D.R.I. 1997) (citing Presbyterian Church in the United States v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church, 393 U.S. 440, 449 (1969)). Therefore, although this case may ultimately prove not to be justiciable on its merits, I find that by alleging a Title VII action,[2] Rockwell has invoked this Court's subject matter jurisdiction for her gender discrimination claim and, in an Order issued simultaneously with this Report and Recommendation, I will

_____

[2]"Title VII applies without a constitutionally compelled exception where . .. [a] church is neither exercising its constitutionally protected prerogative to choose its ministers nor embracing the behavior at issue as a constitutionally protected religious practice." Bollard v. Cal. Province of the Soc'y of Jesus, 196 F.3d 940, 944 (9th Cir. 1999). Where, as here, however, the issue before the Court is a church's selection of its ministers, the "ministerial exception" to Title VII would prohibit this Court from entertaining that gender discrimination action, as well as any such action based on state law. Id. at 950. The exception, however, does not deprive this Court of subject matter jurisdiction and the claim therefore survives this Court's preliminary review, but it is apparent that the complaint fails to state a cause of action as a result of the exception. Id. at 951.
    Plaintiff in this matter is an attorney. As such, she is presumed to be aware of Fed. R. Civ. P. 11(b)(2) requiring that she believe her claims to be nonfrivolous and warranted by existing law, as well as Fed. R. Civ. P. 11(c) authorizing sanctions to be imposed for a violation of Rule 11(b)(2).

order both the Title VII claim and the gender discrimination claim based on New Hampshire Rev. Stat. Ann. 354-A:6[3] to be served on the church defendants.

3.    First Amendment Claims

Rockwell claims that the church defendants have violated her First Amendment rights to free speech and free expression of religion by silencing or attempting to silence her advocacy for women being allowed to become priests.  Although the plaintiff is protected from having her First Amendment rights violated by a state actor by 42 U.S.C. § 1983[4], the United States Constitution "erects no shield against merely private conduct, however discriminatory or wrongful."  Blum v. Yarketsky, 457 U.S. 991, 1002 (1981).  A plaintiff claiming an infringement of his civil

---

[3]N.H. Rev. Stat. Ann. 354-A:6 states in relevant part that "[t]he opportunity to obtain employment without discrimination because of age, sex, race, creed, color, marital status, physical or mental disability or national origin is hereby recognized and declared to be a civil right."

[4]The statute provides in relevant part:

Every person who, under color of any [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to that party injured in any action at law, . . .

rights by individual defendants must establish that (i) the defendants deprived plaintiff of a right secured by the Constitution or laws of the United States, and that (ii) the defendants acted under "color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. There are, additionally, rare occasions in which private citizens may be deemed to have acted under color of state law by virtue of having conspired or otherwise acted in concert with state actors. See, e.g., Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 253-54 (1st Cir. 1996) ("Since § 1983 is aimed at state action and state actors, . . . persons victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress. To be sure, the rule is not absolute: private actors may align themselves so closely with either state action or state actors that the undertow pulls them inexorably into the grasp of 1983") (internal citations omitted). Rockwell has not stated a prima facie case that the church defendants are acting under color of state law in engaging in the wrongful conduct she alleges, or that they are private actors so closely aligned with state action as to be amenable to a § 1983 suit. As Rockwell has not included

8

in her complaint sufficient facts to allege the elements of a § 1983 action, I find that she has not properly invoked the subject matter jurisdiction of this Court for her First Amendment claims and recommend that these claims, along with the state law actions for free speech and free exercise of religion, be dismissed.

If Rockwell brought this claim against the church defendants as private defendants acting in concert with federal officers, she has attempted an action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which creates a cause of action against federal officers, acting in their individual capacities, for constitutional violations. Rockwell has not alleged any facts which indicate that the constitutional violations complained of were taken in concert with federal governmental actors and has thus not invoked the subject matter jurisdiction of this Court for such a claim.

4. Claim Challenging Tax Exempt Status

Rockwell alleges that defendant Rossotti, acting in his individual capacity as a federal officer, has improperly granted tax exempt status to the Catholic church. In so doing, Rockwell alleges, Rossotti "enables, supports and subsidizes" the church defendants in their allegedly discriminatory practices. Rockwell

9

alleges that the grant of tax exempt status violates the Internal Revenue Code. Rockwell seeks the revocation of the Catholic church's religious tax exemption.

If a plaintiff lacks standing to bring a suit, a court has no subject matter jurisdiction over the case. <u>United States Catholic Conference, et al. v. Baker</u>, 885 F.2d 1020, 1023 (2d Cir. 1989), <u>cert. den.</u> 495 U.S. 918 (1990) (citing <u>Allen v. Wright</u>, 468 U.S. 737 (1984)). In order to establish standing, a plaintiff must plead each prong of a three-pronged test established by the Supreme Court in <u>Allen v. Wright</u>. <u>Id.</u> at 1024. First, the plaintiff must show that she suffered actual and concrete injury particularized to her. <u>Allen</u>, 468 U.S. at 755. Second, the injury must be traceable to the conduct of the defendant. <u>Id.</u> at 757. Third, the injury must be redressable by the removal of the defendants' conduct. <u>Id.</u> at 758-59.

Turning to the case at hand, it is clear that scrutinizing the complaint, Rockwell has failed to allege standing to challenge the Church's tax exempt status. Even if Rockwell has satisfied the first prong by alleging she has been injured by the refusal of the church defendants to allow her to join the priesthood, she has not stated facts sufficient to allege the

10

other two prongs of the test. Aside from alleging that the Catholic church's tax exempt status generally supports and enables the behavior she complains of, Rockwell has drawn no factual nexus between the grant of tax exempt status and the decision not to allow women to become priests. Furthermore, she does not even attempt to address in her complaint how revocation of the Church's tax exempt status would redress the injury she complains of and allow her to become a priest. Accordingly, I find that Rockwell is without standing to challenge the Church's tax exempt status. Accordingly, Rockwell has failed to invoke this Court's subject matter jurisdiction for this claim and I recommend it be dismissed.

## Conclusion

I recommend that the First Amendment, tax and companion state claims be dismissed from this action. See LR 4.3(d)(1)(A).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of

11

<u>Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge



Date:      August 5, 2002

cc:        Susan S. Rockwell, Esq., <u>pro</u> <u>se</u>


12