**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-6378

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HARVEY LEE HAYES, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, District Judge. (7:06-cr-00002-gec)

Submitted: May 30, 2008          Decided: June 27, 2008

Before MICHAEL, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harvey Lee Hayes, Jr., Appellant Pro Se. Ronald Andrew Bassford, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harvey Lee Hayes, Jr., appeals the district court's order dismissing his "Appeal Pursuant to Rule 60-B(4)"* to declare his October 2006 criminal judgment void. Hayes filed neither a direct appeal, nor a 28 U.S.C. § 2255 motion, and his Rule 60(b) motion specifically asserted that he did not invoke the provisions of 28 U.S.C. § 2255 (2000). Moreover, his Rule 60(b) motion was filed fourteen months after the district court entered judgment on his conviction and sentence.

Although "the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed," Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985), a motion for rehearing or reconsideration in a criminal case extends the time for filing a notice of appeal if the motion is filed before the order sought to be reconsidered becomes final. See United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991) (holding would-be appellant who files timely motion for reconsideration from criminal judgment entitled to full time period for noticing appeal after motion for reconsideration

---

*We assume, as did the district court, that Hayes sought rehearing or reconsideration of his criminal conviction pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Because the Federal Rules of Civil Procedure are inapplicable to criminal proceedings, we have evaluated Hayes' filing by reference to the applicable authorities governing motions for rehearing or reconsideration of criminal judgments. For ease of reference, however, we refer to his "Appeal Pursuant to Rule 60-B(4)" as a "Rule 60(b)" motion.

- 2 -

has been decided); <u>United States v. Dieter</u>, 429 U.S. 6, 7-8 (1976) (same); <u>see also</u> <u>United States v. Christy</u>, 3 F.3d 765, 767 n.1 (4th Cir. 1993) (same).

Hayes submitted his Rule 60(b) motion well beyond the applicable period of time provided to notice an appeal of the judgment he sought the district court to reconsider. Accordingly, because Hayes' Rule 60(b) motion was untimely, we affirm the judgment of the district court dismissing Hayes' motion. <u>See</u> <u>United States v. Hayes</u>, No. 7:06-cr-00002-gec (W.D. Va. Jan. 24, 2008). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>