**CLD-401**                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2522
_____

UNITED STATES OF AMERICA

v.

KENNETH MITAN
a/k/a
JOHN HILL
a/k/a
POLICE OFFICER SGT. JOHN MILLER
a/k/a
JOHN THOMPSON
a/k/a
JOHN ADAMS

Kenneth Mitan,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00760-001)
District Judge: Honorable Michael M. Baylson
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 22, 2013

Before: RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 13, 2013 )

_____

OPINION
_____

PER CURIAM

Kenneth Mitan was convicted following a jury trial in the United States District Court for the Eastern District of Pennsylvania of mail fraud, wire fraud, conspiracy, and using a fictitious name in the course of fraud. He was sentenced to 262 months in prison. We affirmed on direct appeal. United States v. Mitan, 499 F. App'x 187 (3d Cir. 2012). Mitan filed a pro se post-trial motion in the District Court pursuant to Fed. R. Crim. P. 45(b)(1)(A), seeking an extension of time to file a motion for a new trial under Fed. R. Crim. P. 33. On March 19, 2013, the District Court denied the Rule 45 motion. Mitan timely moved for reconsideration, which the District Court denied on May 8, 2013. Mitan filed a timely notice of appeal from the order denying reconsideration.

We have jurisdiction under 28 U.S.C. § 1291 with respect to both the District Court's March 19, 2013 order denying Mitan's motion for an extension of time and its May 8, 2013 order denying reconsideration. See United States v. Dieter, 429 U.S. 6, 8 (1976). We review both orders for an abuse of discretion. See Ramseur v. Beyer, 921 F.2d 504, 506 (3d Cir. 1990) (motion to extend time); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (motion for reconsideration).

We will summarily affirm the District Court's orders because we conclude that the Court did not abuse its discretion by finding that Mitan did not make the requisite showing of "good cause" to extend the deadline for filing a motion under Rule 33. See

Fed. R. Crim. P. 45(b)(1)(A). We agree with the District Court that Mitan's alleged "newly discovered evidence," which consists of approximately 100 boxes of documents seized by the Government from one of Mitan's homes in 2009, were not in fact newly discovered. The record reflects that Mitan knew about the seizure of the boxes before trial and declined, on the record, opportunities to review them or make use of them during trial. See United States v. Cimera, 459 F.3d 452, 461 (3d Cir. 2006) (citing United States v. Bujese, 371 F.2d 120, 125 (3d Cir. 1967) (explaining that evidence is not "newly discovered" when it was known or could have been known through the exercise of diligence on the part of the defendant or his counsel)). We further note that Mitan failed to discuss the content of the boxes on direct appeal.

Accordingly, we will affirm the District Court's orders.