**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-6932**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ALBERT CHARLES BURGESS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Graham C. Mullen, Senior District Judge. (1:09-cr-00017-GCM-DLH-1)

_____

Submitted: October 29, 2015        Decided: December 2, 2015

_____

Before NIEMEYER and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Albert Charles Burgess, Appellant Pro Se. Thomas Richard Ascik, Assistant United States Attorney, Asheville, North Carolina, Kimlani M. Ford, Cortney Randall, Edward R. Ryan, Assistant United States Attorneys, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Charles Burgess, Jr., seeks to appeal the district court's order denying his motion to reconsider its order denying his Fed. R. Crim. P. 33 motion for a new trial. In criminal cases, the defendant must file his notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i).

The district court entered its order denying Burgess' motion for a new trial on April 30, 2012. The 14-day appeal period expired on May 14, 2012. See Fed. R. App. P. 26(a). Burgess did not file his motion to reconsider until May 28, 2015.*

"[T]he Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed." Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985). However, the Supreme Court has held that a motion for rehearing or reconsideration extends the time for filing a notice of appeal in a criminal case if the motion is filed before the order sought to be reconsidered becomes final. See United

_____

* For the purpose of this appeal, we assume that the date appearing on the motion to reconsider is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

States v. Ibarra, 502 U.S. 1, 4 n.2 (1991) (per curiam) (holding that would-be appellants who file a timely motion for reconsideration from a criminal judgment are entitled to a full time period for noticing the appeal after the motion for reconsideration has been decided); United States v. Dieter, 429 U.S. 6, 7-8 (1976) (same); United States v. Christy, 3 F.3d 765, 767 n.1 (4th Cir. 1993) (same). Because Burgess did not timely file the motion to reconsider, the district court should have denied the motion as untimely. We therefore affirm the denial of the motion to reconsider on the ground that the motion was untimely.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED