**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-7470**

———————————

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　v.

ANTHONY MOORE, a/k/a Ant,

　　　　　Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda L. Wright Allen, District Judge. (2:02-cr-00225-AWA-9)

———————————

Submitted: February 29, 2016　　　　　Decided: March 4, 2016

———————————

Before WILKINSON, KING, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Anthony Moore, Appellant Pro Se. Darryl James Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Moore appeals the district court's order denying his post-judgment motions to suspend and disbar and to dismiss his indictment. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. United States v. Moore, No. 2:02-cr-00225-AWA-9 (E.D. Va. Jan. 29, 2015).

Moore also appeals the district court's order denying his motion to reconsider its order denying his post-judgment motions. In criminal cases, the defendant must file his notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). The district court entered its order denying Moore's post-judgment motions on January 29, 2015. The 14-day appeal period expired on February 12, 2015. See Fed. R. App. P. 26(a). Moore did not file his motion to reconsider until, at the earliest, February 24, 2015.[*]

"[T]he Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed." Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir. 1985).

---

[*] For the purpose of this appeal, we assume that the date appearing on the motion to reconsider is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

However, the Supreme Court has held that a motion for rehearing or reconsideration extends the time for filing a notice of appeal in a criminal case if the motion is filed before the order sought to be reconsidered becomes final. See United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991) (per curiam) (holding that would-be appellants who file a timely motion for reconsideration from a criminal judgment are entitled to a full time period for noticing the appeal after the motion for reconsideration has been decided); United States v. Dieter, 429 U.S. 6, 7-8 (1976) (same); United States v. Christy, 3 F.3d 765, 767 n.1 (4th Cir. 1993) (same). Because Moore did not timely file the motion to reconsider, the district court should have denied the motion as untimely. We therefore affirm the denial of the motion to reconsider on the ground that the motion was untimely.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3