Acevedo-Ybarra v. Sessions

BIA
Sichel, IJ
A088 038 839/840

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand eighteen.

PRESENT:
>        RALPH K. WINTER,
>        GUIDO CALABRESI,
>        JOSÉ A. CABRANES,
>             *Circuit Judges.*

_____

AUGUSTIN ACEVEDO-YBARRA,
DARGELY HINDRIA BATISTA-ABREU,
        *Petitioners,*

    v.                                    **17-148**
                                          **NAC**
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

**FOR PETITIONERS:**        Roger Asmar, New York, NY.

**FOR RESPONDENT:**        Chad A. Readler, Acting Assistant
                           Attorney General; Derek C. Julius,
                           Assistant Director; Jason Wisecup,
                           Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Augustin Acevedo-Ybarra ("Acevedo"), a native and citizen of Mexico, and Dargely Hindria Batista-Abreu ("Batista"), a native and citizen of the Dominican Republic, seek review of a December 19, 2016, reissued decision of the BIA affirming a December 12, 2013, decision of an Immigration Judge ("IJ") denying Acevedo and Batista's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Augustin Acevedo-Ybarra, Dargely Hindria Batista-Abreu,* No. A 088 038 839/840 (B.I.A. Dec. 19, 2016), *aff'g* No. A 088 038 839/840 (Immig. Ct. N.Y. City Dec. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the BIA and the IJ. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). Acevedo and Batista do not challenge the agency's denial of asylum as time barred or the denial of CAT relief, so the only claim before us is the denial of

withholding of removal.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Acevedo and Batista argue that the agency applied an outdated standard when assessing their proposed particular social group, i.e., that the agency required actual or ocular visibility, as opposed to the more recently articulated requirement of social distinction set forth in *Matter of W-G-R-*, 26 I. & N. Dec. 208, 212 (B.I.A. 2014). But *Matter of W-G-R-* did not substantially alter the social visibility analysis; it simply clarified that "social visibility" means that a group must be "socially distinct" within the society in question, but not necessarily identifiable on sight.  26 I. & N. Dec. at 212.  Moreover, *Matter of W-G-R-* was issued after the IJ's decision, and the BIA applied the newly articulated standard.  In sum, the agency applied the correct standard, and Acevedo and Batista point to no evidence to show that they established their membership in a group that Mexican society perceives to be distinct.  *See Paloka v. Holder*, 762 F.3d 191, 196

(2d Cir. 2014) ("The BIA also clarified that in determining particularity and social distinction what matters is whether society as a whole views a group as socially distinct, not the persecutor's perception."). We do not reach the adverse credibility determination because the particular social group analysis is dispositive of withholding of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4