Chapagai v. Wilkinson

BIA
Lopez Defillo, IJ
A202 138 448

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-one.

PRESENT:
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

SHANKAR CHAPAGAI, AKA SHANKAR CHAPAGAIN,
> *Petitioner,*

v.

ROBERT M. WILKINSON, ACTING UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

18-3274
NAC

FOR PETITIONER: Dilli Raj Bhatta, Esq., Bhatta Law & Associates, New York, NY.

---

[1] Pursuant to Fed. R. App. P. 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted as Respondent.

**FOR RESPONDENT:** Carl McIntyre, Assistant Director; Brooke Marie Maurer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shankar Chapagai, a native and citizen of Nepal, seeks review of an October 3, 2018, decision of the BIA affirming an October 23, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Shankar Chapagai,* No. A 202 138 448 (B.I.A. Oct. 3, 2018), *aff'g* No. A 202 138 448 (Immig. Ct. N.Y. City Oct. 23, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d

2

Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to fact de novo).

Chapagai alleged that between October and December 2013, members of the Maoist Party threatened him multiple times and beat him on one occasion because of his membership in the Nepali Congress Party. We find no error in the agency's conclusion that the past harm did not rise to the level of persecution.

Past persecution may be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse." *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006). In assessing whether harms rise to the level of persecution, we have held that the question of whether harm rises to the level of persecution "is necessarily one of degree that must be decided on a case-by-case basis." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). We have described persecution as "an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted).

3

The agency considered Chapagai's lack of lasting injury and his choice not to seek professional medical attention. The agency also examined the context of his harm, including that the beating was by members of an opposing party rather than the government, that Chapagai's fellow villagers were supporters of his party, and that the police took a report and offered him assistance. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in BIA's conclusion that physical attack by family planning officials did not rise to the level of persecution where asylum applicant "suffered only minor bruising" and the attack happened prior to an arrest by local police); *cf. Beskovic*, 467 F.3d at 226 (requiring that agency "be sensitive to the fact that even mistreatment that, in other contexts, could fairly be characterized as . . . harassment, can take on an entirely different character when officially inflicted on an individual . . . detained on account of protected grounds" (internal quotation marks and citation omitted)).

Chapagai argues that the agency did not assess his harm cumulatively as required. *See Manzur v. U.S. Dep't of Homeland* Sec., 494 F.3d 281, 290 (2d Cir. 2007). However,

4

the IJ acknowledged both the harassment and the physical harm, and the BIA explicitly concluded that the physical harm combined with the threats did not rise to the level of persecution. Because this finding is dispositive as to past persecution, we do not reach the agency's alternate finding that Chapagai did not establish that he was harmed on account of his political opinion. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Finally, absent a showing of past persecution, Chapagai is not entitled to a presumption of future persecution and is not eligible for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1). Chapagai does not otherwise argue that he established a well-founded fear of future persecution or torture. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (deeming abandoned claim not raised in brief).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court