[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12578
Non-Argument Calendar

_____

D. C. Docket No. 01-00454-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICTTO JERMAINE WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 24, 2007)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

This appeal challenges the reasonableness of the sentence appellant received

– twelve months' incarceration – following the revocation of his supervised release, 18 U.S.C. § 3583, for violating four conditions of the release, to-wit: that he submit written monthly report to the district court's probation office, follow his probation officer's instructions, work regularly at a lawful occupation and provide proof of his employment, and notify his probation officer within 72 hours of a change of residence. After the court imposed the 12-months' sentence, appellant filed a notice of appeal. He also moved the district court to modify the sentence[1] by adding one day in order to make him eligible for the Bureau of Prisons' good time credit. The court granted the motion and entered an amended judgment sentencing appellant to prison for 12 months and one day.

In his brief to this court, appellant concedes that the court adhered to the Sentencing Guidelines, but argues that its sentence did not comply with the sentencing factors set forth in 18 U.S.C. § 3553(a). Finally, he asserts that the mitigating factors he presented – his support of his mother and daughter – show that imprisonment was unnecessary.

We review a defendant's total sentence for reasonableness. United States

---

[1] Because the motion to modify did not allege error and did not cite any authority, we construe it as a motion for reconsideration as provided for by the Supreme Court. See United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992) (citing United States v. Dieter, 429 U.S. 6, 8-9, 97 S.Ct. 18, 19-20, 50 L.Ed.2d 8 (1976); United States v. Healy, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964)). As such, this motion tolled the running of the time to appeal, and appellant's notice of appeal was not effective until the district court ruled on the motion. Accordingly, we have appellate jurisdiction over both the original and amended judgments. Fed. R. App. P. 4(b)(3).

2

v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006).  In doing so, we are guided by the factors listed in 18 U.S.C. § 3553(a).  United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).   Such review is deferential, requiring us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a)." Sweeting, 437 F.3d at 1107.  Specifically, the court must consider, among other things: (1 )"the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence . . . to afford adequate deterrence[,] protect the public from further crimes[,] and . . . provide the defendant with [education or training and medical care or treatment]"; (3) the Chapter 7 policy statements; and (4) "the need to avoid unwarranted sentence disparities.  18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6); see 18 U.S.C. § 3583(e).

The district court is not required to "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a)

factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). If the court imposes a sentence within the Guidelines, it is not necessary to give a detailed explanation of its reasons, as long as it "set[s] forth enough to satisfy [us] that [it] has considered the parties' arguments and had a reasoned basis for exercising his own legal decisionmaking authority." United States v. Agbai, No. 06-15691, slip op. at 3522 (11th Cir. Aug. 31, 2007) (quoting Rita v. United States, ___ U.S. ___, 127 S.Ct. 2456, 2468-69, 168 L.Ed.2d 203 (2007)).

At the revocation hearing in this case, appellant did not contest the charges, and did not object to the district court's calculation of the Chapter 7 sentence range of 6-12 months' imprisonment. Accordingly, the court initially sentenced him to 12 months' imprisonment, the top of that range. Although the court did not specifically mention the § 3553(a) sentencing factors, it did articulate part of its reasoning. By accurately stating and adopting the Chapter 7 sentence range, it considered that factor. 18 U.S.C. § 3553(a)(4)-(5). Regarding the "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the court noted that when it had sentenced appellant on the underlying conviction in 2002, it had imposed a sentence 10 months below the sentence range. It addressed the "nature and circumstances of the offense," id., when it found that appellant's violations undermined any expectation that he would not continue to commit criminal

4

offenses (although it expressly denied that the sentence was based on post-release criminal conduct). The court addressed the need to deter appellant's potential for criminal behavior, and to protect the public, 18 U.S.C. § 3553(a)(2)(B)-(C), noting that it hoped the long sentence would demonstrate to appellant that because of his criminal history, any further violations would result in serious sanctions.

Regarding the additional day that the court, at appellant's request, added to his sentence, the court did not comment on its reasoning. In granting the motion, however, the court implicitly adopted appellant's reasoning, which was essentially based on his history and characteristics (the minor and technical nature of his violations, the fact that they were his first violations, and the fact that he was helping to support his mother and daughter). In imposing this additional day, the court varied upward from the Chapter 7 guideline range, but these guidelines are not binding, Aguillard, 217 F.3d at 1320, and a court may impose a sentence higher than the prescribed sentence range as long as it is reasonable, which it is.

AFFIRMED.

5