[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10771
Non-Argument Calendar

_____

D.C. Docket No. 2:05-cr-00021-VMC-CM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUDIE CRAIG SINGLETARY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 5, 2016)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Audie Singletary is a federal prisoner serving a 292-month sentence for two cocaine conspiracy convictions.  In 2015, Singletary pro se filed two post-judgment motions in the district court: (1) a 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines; and (2) a letter motion challenging the district court's determination at his 2006 sentencing that he was a career offender.  The district court denied both motions, the letter motion on September 17, 2015, and the § 3582(c)(2) motion on October 22, 2015.  Singletary subsequently filed two motions to reconsider the denial of his letter motion, which the district court denied on September 27, 2015, and February 3, 2016, respectively.

## A.    February 18, 2016 Notice of Appeal

On February 18, 2016, Singletary signed a notice of appeal and delivered it to prison officials for mailing.  Singletary's notice of appeal stated that he was appealing only the district court's February 3, 2016 order denying his second motion to reconsider the denial of his letter motion.  In his appeal briefs filed with the Court, however, Singletary challenges only the district court's October 22, 2015 denial of his § 3582(c)(2) motion for a sentence reduction.[1]

---

[1]Singletary's motion requesting leave to file his reply brief out of time is hereby granted.

2

The government responds that Singletary's notice of appeal is untimely as to all of the district court's orders except the denial of the second reconsideration motion as to his letter motion. After review, we agree.[2]

## B.    Federal Rule of Appellate Procedure 4

To be timely, the defendant's notice of appeal in a criminal case must be filed within 14 days after the entry of either the judgment or the order being appealed. Fed. R. App. P. 4(b)(1)(A). "Although a motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure, the Supreme Court has held that the timely filing of such a motion in a criminal action tolls the time for filing a notice of appeal and the time begins to run anew following the disposition of the motion." United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992) (citing United States v. Dieter, 429 U.S. 6, 8-9, 97 S. Ct. 18, 19-20 (1976)); see also Fed. R. App. P. 4(b)(3).

While the filing deadline for criminal defendants in Rule 4(b)(1)(A) is not jurisdictional, we must apply its time limits when, as here, the government objects to a defendant's untimely notice of appeal. See United States v. Lopez, 562 F.3d 1309, 1311-14 (11th Cir. 2009). We may not extend the time for filing a notice of appeal except as provided in Rule 4. Fed. R App. P. 26(b)(1). Thus, if the late notice of appeal was filed or delivered to prison authorities within the additional

_____

[2]"We review de novo whether an appeal should be dismissed as untimely." United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012).

30-day period allowed for extensions of time under Rule 4(b)(4), we may remand to the district court for a determination of excusable neglect or good cause. See Fed. R. App. P. 4(b)(4); United States v. Ward, 696 F.2d 1315, 1317-18 (11th Cir. 1983). If, however, the late notice of appeal was not filed within this 30-day period, the district court would be without authority to further extend the time to appeal, even with a finding of excusable neglect or good cause, and we must dismiss the appeal. See Lopez, 562 F.3d at 1314.

## C.    Analysis

Here, the district court denied Singletary's letter motion attacking his career offender status on September 17, 2015. Singletary filed a timely motion for reconsideration of that ruling on September 28, 2015, which the district court denied on September 29, 2015. Thereafter, Singletary did not file (or deliver to prison officials) a notice of appeal or a tolling motion within the 14 days required by Rule 4(b) (by October 13, 2015) or within Rule 4(b)(4)'s additional 30-day period for extensions of time (by November 12, 2015).

The same is true for the district court's October 22, 2015 order denying Singletary's § 3582(c)(2) motion based on Amendment 782. Singletary did not file (or deliver to prison officials) a notice of appeal of that order within Rule 4(b)(1)'s 14-day deadline (by November 5, 2015) or Rule 4(b)(4)'s additional 30-day deadline (by December 5, 2015). Instead, it was not until February 14, 2016 that

4

Singletary delivered his notice of appeal to prison officials for filing.  Thus, to the extent Singletary wishes to appeal the September 17, 2015 denial of his letter motion, the September 29, 2015 denial of his first motion for reconsideration, or the October 22, 2015 denial of his § 3582(c)(2) motion, his appeal is untimely and must be dismissed.

Singletary's notice of appeal is timely as to the district court's February 3, 2016 denial of his second motion for reconsideration, the order actually specified in his notice of appeal.  Singletary's second reconsideration motion was identical to his first reconsideration motion and argued that the district court had improperly classified him as a career offender at his original sentencing because he received a split sentence for one of his two predicate convictions and served only 6 months in prison.  The second reconsideration motion was accompanied by a note from Singletary explaining that he was resubmitting his previously filed reconsideration motion because a new magistrate judge had been assigned to his case.  The district court denied that motion because Singletary had not provided a reason to reconsider the September 17, 2015 order.

On appeal, Singletary's opening brief does not raise any issue as to the district court's denial of his second motion for reconsideration, either on the merits or as it relates to the underlying issue of his career-offender status.  As a result, Singletary has abandoned these issues.  See United States v. Jernigan, 341 F.3d

1273, 1283 n.8 (11th Cir. 2003).  In any event, we cannot say the district court's denial of Singletary's second motion for reconsideration, which was identical to his first, already-denied motion for reconsideration, was an abuse of discretion.

For these reasons, to the extent Singletary appeals the district court's September 17, 2015, September 29, 2015, or October 22, 2015 orders, we dismiss his appeal as untimely.  To the extent Singletary appeals the district court's February 3, 2016 order, we affirm.

**DISMISSED IN PART AND AFFIRMED IN PART.**