Guan v. Garland

BIA
Poczter, IJ
A202 024 043

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-one.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

YANFANG GUAN,
> *Petitioner*,

v.                                              18-2049
                                                NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Troy Nader Moslemi, Esq.,
                          Flushing, NY.

FOR RESPONDENT:           Jeffrey Bossert Clark, Acting
                          Assistant Attorney General; Linda
                          S. Wernery, Assistant Director;
                          Gerald M. Alexander, Trial
                          Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yanfang Guan, a native and citizen of the People's Republic of China, seeks review of a June 19, 2018, decision of the BIA affirming a July 31, 2017, decision of an Immigration Judge ("IJ") denying Guan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yanfang Guan*, No. A202 024 043 (B.I.A. June 19, 2018), *aff'g* No. A202 024 043 (Immig. Ct. N.Y. City July 31, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all

2

relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Guan was not credible as to her claim that police detained and beat her for attending an unauthorized church gathering in China and would target her in the future on account of her continued religious practice.

In finding Guan not credible the agency reasonably relied on inconsistencies between her asylum interview and merits hearing testimony regarding how long her mother was detained for religious reasons and when Guan began attending church in

3

the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006) (concluding that "asylum . . . interviews do not call for *special* scrutiny, as airport interviews do" and finding reliable for credibility purposes an interview record that "contains a meaningful, clear, and reliable summary of the statements made" (internal quotation marks and brackets omitted)(emphasis in original)). The agency also reasonably relied on the omission from Guan's application and her mother's letter of her assertion that police visited her mother looking for Guan three times after Guan left China, particularly given that the application requested information regarding fear of future harm and her mother's letter included less pertinent information. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Hong Fei Gao*, 891 F.3d at 78–79 (providing that the "probative value of the omission" depends on whether the omitted facts are ones that an applicant or witness "would reasonably have been expected to disclose under the relevant circumstances"). The agency also reasonably relied on Guan's inconsistent evidence regarding whether her witness attended her baptism in the United States and her implausible testimony that she did not know her

4

cousin's wife's name despite their close contact over four years. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) (recognizing that adverse credibility determination may be based on inherent implausibility if the finding "is tethered to the evidentiary record" or "record facts . . . viewed in the light of common sense and ordinary experience"). Guan did not provide compelling explanations for the inconsistencies and implausible testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)(emphasis in original)).

Having questioned Guan's credibility, the agency reasonably relied further on her failure to rehabilitate her testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency

5

reasonably declined to credit unsworn statements from Guan's relatives and acquaintances in China, statements from her witness, cousin's wife, and current church that conflicted with her testimony, and handwritten documents from China that were not authenticated by any means. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (deferring to agency's determination of weight of evidence); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

Given the inconsistency, implausibility, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence.\* *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was

---

\* Although the agency erred in relying on two lesser omissions, *see Hong Fei Gao*, 891 F.3d at 82, we conclude that remand would be futile because the other inconsistencies and implausible testimony constitute substantial evidence for the adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

6

dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).  Accordingly, we do not consider the agency's alternative burden finding.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court