23-7536
Moposita-Chato v. Bondi

BIA
Ling, IJ
A220 222 540/541/542

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26ᵗʰ day of August, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> JON O. NEWMAN,
> EUNICE C. LEE,
> > *Circuit Judges*.

_____

FANNY MARGARITA MOPOSITA-CHATO, J.M. AGUALONGO-MOPOSITA, J.A. AGUALONGO-MOPOSITA,

> *Petitioners*,

> v.                                         **23-7536**
                                             **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

*Respondent.**

_____

**FOR PETITIONERS:**    Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:**    Brian M. Boynton, Principal Deputy Assistant Attorney General; Zoe Heller, Bernard A. Joseph, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Fanny Margarita Moposita-Chato, and her minor children, natives and citizens of Ecuador, seek review of a September 27, 2023, decision of the BIA affirming a January 20, 2023, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fanny Margarita Moposita-Chato*, Nos. A220 222 540/541/542 (B.I.A. Sept. 27, 2023), *aff'g* Nos. A220 222 540/541/542 (Immigr. Ct. N.Y.C. Jan. 20, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

---

\* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the CAT claim that Moposita-Chato did not raise on appeal to the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) (requiring exhaustion of issues before the BIA). "We review the agency's factual findings . . . for substantial evidence" and "legal conclusions *de novo*." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The agency did not err in finding that Moposita-Chato failed to establish her eligibility for asylum or withholding of removal based on her claim that her former mother-in-law threatened to hit her.

An applicant for asylum and withholding of removal has the burden to demonstrate past persecution or a well-founded fear or likelihood of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion"; to constitute persecution, the harm must be inflicted by the government or by private parties that the government is "unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015) (quotation marks omitted); *see also* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A).

3

The agency reasonably found that Moposita-Chato's former mother-in-law's unfulfilled threat to hit her did not rise to the level of persecution because it was not sufficiently extreme or menacing and did not itself result in harm. *See Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) ("[U]nfulfilled threats alone generally do not rise to the level of persecution" unless an applicant "adduce[s] objective evidence that the threat was so imminent or concrete, . . . or so menacing as itself to cause actual suffering or harm." (quotation marks omitted)). And, as the agency found, Moposita-Chato did not establish a nexus between her former mother-in-law's threat and a protected ground: she failed to present a specific social group claim before the IJ, *see Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) ("[T]he BIA may refuse to consider an issue that could have been, but was not, raised before an IJ."); her testimony showed that her former mother-in-law was motivated by the mistaken belief that Moposita-Chato was having an affair rather than her membership in any particular group, *see Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) ("To succeed on a particular social group claim, the applicant must establish . . . that the alleged persecutors targeted the applicant on account of her membership in that group." (quotation marks omitted)).

Because Moposita-Chato did not satisfy her burden of showing a nexus to a protected ground, the agency did not err in denying asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3). Accordingly, we do not reach the IJ's alternative finding that she failed to show that Ecuadorian officials were unable or unwilling to protect her. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5